JEFFERSON *et al. vs.* HAMILTON, trustee.

1. The finding of the jury on the issues submitted was clear and complete.

2. Under the act authorizing special verdicts in equity cases, only such questions need be put to the jury as will enable them fully to find· the facts in issue and not admitted by the pleadings. The questions covered the merits of the present case.

(*a.*) Where, before delivering his charge, the court requested counsel for both parties to prepare in writing a statement of such issues as they desired to be submitted to the jury, which was done by counsel for one party, but not for the other, the latter cannot complain after verdict that all the issues made by the pleadings were not submitted by the court.

3. Mere irregularities in the conduct of a trial, not vitally affecting the merits of the case or the rights of the parties, will be held to have been waived if no objection was made to them at the time.

(*a.*) While technically a request to submit special issues of fact in an equity cause should be made when the case has been called for trial and before the introduction of any evidence, yet if made at a later stage of the trial without objection, it will not require the verdict to be set aside.

4. While on the trial of an equity case with special verdict upon written questions, the chancellor may decree perpetual injunction, if

the facts found demand it, without a finding of the jury in express words that a perpetual injunction be granted, still no injunction should be decreed without a prayer therefor.

October 17, 1882.

Equity. Injunction. Verdict. Practice in Superior Court. Before Judge WILLIS. Muscogee Superior Court. May Term, 1882.

Reported in the decision.

SMITH & RUSSELL, for plaintiffs in error.

BLANDFORD & GARRARD, for defendant.

SPEER, Justice.

The errors assigned in this record are limited to the overruling by the court below of nineteen exceptions made by the plaintiffs in error to the verdict as returned, and to the entering of a decree thereon.

1. The first four of said exceptions are, that the special verdict on the issues submitted was defective, uncertain, incomplete and vague. From the record it appears that certain issues of fact which were made by the pleadings were submitted by the court to the jury, and upon each of the issues they made a clear and complete answer. We see therefore no deficiency in the verdict as returned for any of the causes complained of.

2. Exceptions, numbering from five to thirteen inclusive were based upon the ground that the court failed to submit other issues to the jury that were made in the pleadings, and that such issues should have been submitted. In the case of *Obear, executor, et al. vs. Gray*, 68 *Ga.*, 182, this court said, "If questions propounded by the chancellor to the jury, in an equity case, though substantially covering the whole case, are not sufficiently full to satisfy the parties, the proper remedy is to request other questions to be put," and only such

Jefferson *et al. vs.* Hamilton, trustee.

questions need be put to the jury, under the act authorizing special verdicts as will enable the jury fully to find the facts in issue and not admitted by the pleadings.   59 *Ga.*, 485. Moreover in this case it appears from the bill of exceptions " that while the case was being tried, and before the court had charged the jury, the court requested the counsel for both parties to prepare such issues in writing as they desired submitted to the jury.  Cousel for complainant below prepared such issues as they desired submitted, and handed the same to the court.  Counsel for defendants prepared no issues, and did not ask that any be submitted, either before or after the charge was given."

In examining the record, we think the merits of the case were substantially submitted in the issues presented, and when the opportunity of supplying any omission was thus clearly given, we think the objection to the verdict comes too late, under the facts of this case.  See also, 58 *Ga.*, 140.

3. The nineteenth ground of exception is a complaint "as to the manner in which said issues of fact were submitted, and that the same did not conform to the provisions of the act of 27th February, 1876."

It may have been that the manner of submitting said issues of fact may not have been strictly and technically in conformity to the act, as it does not appear from the record, after the case was called " for trial, and before the beginning of the introduction of evidence in the same," that these issues were submitted.  Still no objection was made at the time to the mode of procedure below, and much must be left to the discretion of the court in the conduct of a trial, and mere irregularities, against which no complaint was made at the time, will be held to have been waived, when not vitally affecting the merits of the case or the rights of the parties.

4. No exception was made to this decree on the ground complained of here and set forth in the bill of exceptions, that the judge below decreed a perpetual injunction against

these plaintiffs in error in the decree he rendered. The main purpose of the bill brought by complainant below was to be discharged of this trust, and to be protected by such discharge against suits threatened, as alleged by these plaintiffs in error. But after a most careful examination, we can find, neither in the original nor amended bill, any prayer for an injunction.

And while, on the trial of an equity case, by special verdict upon written questions, the chancellor may decree a perpetual injunction, if the facts specially found demand it, without the finding by the jury, in express words, that a perpetual injunction be granted, yet, we think that the pleadings should show a prayer for an injunction, before the same should enter into a decree. 59 *Ga.* 486. In the absence of such pleadings and prayer, and where the verdict fails to require it, we are constrained to hold that this portion of the decree was error, and we direct it to be amended by striking from said decree the perpetual injunction against the plaintiffs in error.

The other grounds of error complained of against this verdict, as set forth in the bill of exceptions, could only be considered on a motion for a new trial, and not on mere exceptions filed to a decree, or to a verdict in the absence of such a motion.

Judgment affirmed with directions.