## HARDIN *et ux. v.* FOSTER.

1. It is, in the trial of an equity case, within the power of the judge, even without a request from either party, to require the jury to render a special verdict upon the issues of fact involved. When a request to this effect is made by either party, after the case is called for trial but before the beginning of the introduction of evidence, it is compulsory upon the judge to pursue this course.
2. There was sufficient evidence to warrant the special verdict rendered in the present case; and, construing all together the answers returned by the jury to the questions submitted to them by the judge, the verdict as a whole authorized and required a decree vesting in the plaintiff the title to the undivided two thirds of the tract of land to which the verdict relates, but it did not warrant the entering of a judgment in her favor for any sum of money. Direction is given that the decree entered in the court below be amended accordingly, and that the costs of this writ of error be taxed against the defendant in error.

Argued June 26, — Decided August 5, 1897.

Equitable petition. Before Judge Henry. Floyd superior court. July term, 1896.

*Alexander & Hillyer*, for plaintiffs in error.

*Reece & Denny*, contra.

LUMPKIN, P. J. The act of February 23, 1876 (Acts of 1876, p. 105), now embraced in section 4849 of the Civil Code, rendered it compulsory upon the judge, in the trial of proceedings for equitable relief, upon the request of either party, made after the case had been called for trial and before the beginning of the introduction of evidence, to require of the jury "a special verdict of the facts only" in the case. But even before the passage of this act, the law declaring that, in

equity cases, "special verdicts may be found by the jury," now found in section 4850 of the Civil Code, had long been of force. See *Lake* v. *Hardee*, 57 *Ga.* 459, 466. The case now in hand was an equitable proceeding, and the judge, though no request to that effect was made, properly exercised his discretion in framing and submitting to the jury specific questions, and directing them to render a special verdict upon the issues of fact involved.

The evidence was decidedly conflicting, but was sufficient to warrant the findings returned by the jury in answer to the questions propounded to them. Save as to the matter of practice above dealt with, the case involves no question of law; and it would therefore be unprofitable to set forth here a statement of the facts. The decree was not in precise accord with the findings of the jury, but the error committed in rendering it has been corrected by an appropriate direction, and it is therefore unnecessary to reverse the judgment or order a new trial.

*Judgment affirmed, with direction.    All the Justices concurring.*