## McWHORTER *v.* FORD *et al.*

BECK, J. 1. The court did not err in overruling the demurrers to the petition as amended.

2. The refusal of the court to dismiss the suit as to one of the plaintiffs was not error.

3. While certain of the extracts from the charge excepted to might be objectionable if standing alone, they are not so when considered in their proper connection and in the light of the entire charge.

4. None of the exceptions to rulings upon the admissibility of evidence show error requiring the grant of a new trial.

5. It was held in *Hardin* v. *Foster*, 102 *Ga.* 180 (29 S. E. 174), that the presiding judge in the trial of an equity case, without the request of either party, could in his discretion submit special issues of fact to the jury. This decision was made by the entire bench of six Justices, and can not be reviewed except in the same manner; and upon request to review and overrule that decision, such request is declined.

(*a*) If counsel deemed the case one improper for submission of special issues, they should have called the attention of the court at the time the charge was delivered, or, if they deemed the questions submitted to be insufficient to cover the case, they should have requested that additional issues be submitted. The issues submitted, together with the pleadings, were sufficient to furnish a foundation for a decree; and after such submission of special issues and the finding of the jury, without objection then made, this will furnish no ground for setting aside the verdict on a motion for a new trial.

(*b*) In relation to the contention that as to a half interest in the land in controversy McWhorter occupied the position of purchaser for value by reason of the fact that he and another were the heirs of Mrs. Heinsohn, that a partition was had between them, and that the other heir received different property while McWhorter received that in controversy, the 48th paragraph of the petition alleged as follows: "That the said McWhorter has since asserted ownership, under said judgment, of all the right, title, and interest of the said Mary C. Heinsohn in said land lot, but has no other interest in or title thereto, and is now in the possession of said premises as a mere volunteer, as aforesaid, affected with full notice of all the rights and equities of your petitioners, as hereinbefore related, of which, indeed, he had actual notice and knowledge prior to the death of his said wife." The answer of McWhorter admitted the allegations of this paragraph.

6. There was sufficient evidence to authorize the verdict; and the same, having received the approval of the trial court, will not be disturbed here.                    *Judgment affirmed. All the Justices concur.*

OCTOBER 3, 1914.

Equitable petition. Before Judge Hawkins. Worth superior court. June 11, 1913.

*Perry, Foy & Monk* and *Pope & Bennet,* for plaintiff in error.

*Glessner & Park* and *Clyde Forehand,* contra.