## ROBERTSON *v.* AYCOCK.

GILBERT, J. 1. The bill of exceptions recites that "during the term of court and before judgment was rendered on said verdict answering certain questions propounded by the court the defendant filed his motion in arrest of judgment. . . The same was denied." There is no exception to this judgment. There is only an exception to the judgment refusing a new trial.

2. One ground of the motion for a new trial complains that the court

erred in overruling the motion in arrest of judgment. "Objections which go to the judgment only, and do not extend to the verdict, can not properly be made grounds of a motion for new trial. A motion for new trial seeks to set aside the verdict. No new trial is necessary to correct a judgment or decree. If a judgment or decree is erroneous or illegal, direct exception should be taken to it at the proper time." *Barber* v. *Barber*, 157 *Ga.* 188 (121 S. E. 317), and cit.

3. "That a judgment does not follow, or is not authorized by the verdict upon which it is entered, is not a good ground of a motion for new trial." *First State Bank* v. *Carver*, 111 *Ga.* 876 (2) (36 S. E. 960); *Thomas* v. *Clarkson*, 125 *Ga.* 73 (54 S. E. 77, 6 L. R. A. (N. S.) 658); *Potts* v. *Atlanta*, 140 *Ga.* 431 (2) (79 S. E. 110); *Branan* v. *Mc-Williams*, 146 *Ga.* 528 (2) (91 S. E. 772).

4. In other grounds of the motion for new trial complaint is made because the judge submitted questions upon which the jury was instructed to return answers. It is insisted that while movant did not at the time object to that procedure, it was not waived, and that the court erred in thus requiring a special verdict. "It is, in the trial of an equity case, within the power of the judge, even without a request from either party, to require the jury to render a special verdict upon the issues of fact involved." *Hardin* v. *Foster*, 102 *Ga.* 180 (29 S. E. 174); *McWhorter* v. *Ford*, 142 *Ga.* 555 (83 S. E. 134); *Robertson* v. *Rigsby*, 148 *Ga.* 81 (95 S. E. 973); Civil Code (1910), §§ 5422, 5423.

5. One ground of the motion for a new trial complains that the court erred in submitting to the jury certain questions calling for special verdicts, on the grounds "that the evidence shows that an express trust is sought to be engrafted by parol evidence upon the funds in the hands of the defendant and upon the property deeded to him by plaintiff." The petition did not seek to engraft a trust upon the property. It sought injunction, rescission, a judgment against the defendant, and a special lien on the property, alleging that the conveyance to defendant was induced by fraud. The questions were properly based upon the allegations of fraud inducing the conveyance.

6. The evidence supports the verdict.

*Judgment affirmed. All the Justices concur.*

No. 7634. April 17, 1930. Rehearing denied May 19, 1930.

*Joseph W. Roberts* and *Orrin Roberts,* for plaintiff in error.
*E. W. Roberts,* contra.