SHELLNUT *et al.* v. SHELLNUT.

No. 12816. June 14, 1939.

*A. B. Taylor* and *Wyatt & Morgan,* for plaintiffs.
*J. L. Smith* and *Frank L. Gearrald,* for defendants.

JENKINS, Justice. The vendee under a bond for title, alleging full payment of the purchase-price of land, filed his petition against the vendor, praying as against him specific performance and a recovery of rents and profits during alleged illegal possession by the vendor; and against an alleged fraudulent grantee in a security deed from the vendor, made after the plaintiff became entitled to a conveyance, praying as against him a cancellation of such deed as a cloud on title. The court submitted to the jury as special issues of fact, raised by the defendants' denials in their answers, whether the plaintiff was entitled to relief against the defendant vendor, and to a judgment for rents and profits and what amount against him; and whether the vendor was entitled to the value of improvements which he claimed to have placed on the land; and whether the plaintiff was entitled to the relief sought with regard to the security deed, executed to the other defendant as alleged fraudulent grantee. The jury returned the following verdict: "We, the jury, find the issues in favor of the plaintiff, defendant pay a rental of $25 per year for 7 years, total $175, plaintiff pay defendant $375 for improvements, also security deed to W. L. Roberson [the defendant grantee] void."

On the principal issue, as to whether the plaintiff vendee had paid to the defendant vendor the amount of all the notes given in purchase of the land involved, or whether one note remained unpaid, and the vendee agreed with the vendor to surrender his rights in consideration of the satisfaction of this note, the evidence was sharply conflicting, with testimony in support of the contention of each party. On the issue as to whether the security deed from the vendor to the other defendant was fraudulent, the pleadings and the evidence showed that the defendant grantee at least took his deed with knowledge that the plaintiff had previously contracted with the defendant vendee to buy the land, and had a claim thereto. In answer to the petition the grantee denied any fraud, but pleaded that he had "understood a conversation" between the plaintiff vendor and the defendant vendee, and "heard them make the statement that the property was [the vendor's], and that he could have all that he could get out of said land;" and that for this reason the grantee lent the consideration and took the security deed from the defendant vendor. The grantee testified to the same effect. The testimony for the plaintiff vendee denied making to

the vendor the alleged statement surrendering the land. In addition to the pleading and evidence as to the grantee's knowledge of the plaintiff's prior purchase of the land, there was also testimony as to the close relationship of the parties, the defendant vendor being the father-in-law of the other defendant and father of the plaintiff, and as to the limited financial means of the defendant grantee, and circumstances under which he claimed to have had $200 "in [his] pocket in cash," and to have lent $620 to his father-in-law, as consideration for the security deed.

The instruction to the jury as to improvements by the defendant vendor was as follows: "Where a person in possession of property of another in good faith places permanent improvements on the property, with the knowledge and consent of the owner, and in good faith that he has a right to do it, then he would be entitled to offset the value of whatever permanent improvements he should make on the property, as against the rental, if he put them there in good faith, believing he had the right to do so at the time he placed the permanent improvements upon it." The verdict, as quoted, found a rental of $175 in favor of the plaintiff and improvements of $375 in favor of defendant.

■ Attacks upon judgments or decrees being matters for direct exception, an exception that a judgment or decree does not follow the verdict is not a proper ground of a motion for new trial. *McCrea v. Georgia Power Co.,* 179 *Ga.* 1 (8) (174 S. E. 798); *Lanier v. Council,* 179 *Ga.* 568 (14), 578 (176 S. E. 614); *Floyd v. Boss,* 174 *Ga.* 544 (6), 549 (163 S. E. 606); *Robertson v. Aycock,* 170 *Ga.* 523 (2, 3) (153 S. E. 213); *Eubanks v. West,* 119 *Ga.* 804 (2) (47 S. E. 194); *Chason v. Anderson,* 119 *Ga.* 495 (4) (46 S. E. 629); and citations in those cases.

■ Although "a new trial will be granted when the *verdict* of the jury is so uncertain that it can not be executed, or is expressed in such terms that an objectionable part can not be set aside with justice to both parties" (*Mitchell v. Printup,* 27 *Ga.* 469), yet a verdict may be aided by the pleadings, and it is sufficient if the verdict is definite when read and construed in connection therewith. *McNeil v. McNeil,* 147 *Ga.* 25 (3), 26 (92 S. E. 644), and cit. In this equitable petition by a vendee against two defendants, praying for specific performance and a recovery of rents against the vendor, and for cancellation of the vendor's security deed to another

person against that defendant, the verdict for rents in favor of the plaintiff against the "defendant" with an allowance for improvements in favor of the "defendant" was not subject to attack as failing to specify which defendant was intended, since, construing the verdict with the pleadings and the special issues of fact submitted to the jury, it clearly appears that these findings related to the defendant vendor, especially since the remaining finding, that the security deed was void, mentioned the other defendant by name.

■ Although the evidence was in sharp conflict on the main issue as to whether the plaintiff vendee had paid to the defendant vendor the full agreed purchase-price for the land, or had surrendered his rights in consideration of the vendor's satisfaction of an unpaid note, the finding for the plaintiff was authorized. On the issue as to whether the security deed from the vendor to the other defendant was fraudulent as against the rights of the plaintiff vendee, after the vendee had fully paid the purchase-money, the evidence was sufficient to support the verdict for the plaintiff, and authorized the charges excepted to thereon.

■ Irrespective of whether the instruction to the jury as to an allowance for improvements made on the land by the defendant vendor against any rental found for the plaintiff vendee was subject to the construction, as contended by the defendants, that it limited the amount which might be found for improvements to the amount of rental, and irrespective of whether such a charge, if so construed, would have been applicable to the facts in evidence and proper under the Code, § 33-106 et seq., as to the setting off of the value of improvements, under no view can the instruction be taken as harmful, since the jury actually found for the plaintiff $175 of rental, but found for the defendant $375 for improvements. See, in this connection, *A., B. & A. Ry. Co. v. Sumner*, 134 Ga. 673 (4) (68 S. E. 593); *Lewis Mfg. Co. v. Davis*, 147 Ga. 203 (4) (93 S. E. 206); *Parks v. Williams*, 137 Ga. 578 (4-a) (73 S. E. 839); *Trammell v. Atlanta Coach Co.*, 51 Ga. App. 705, 706 (181 S. E. 315), and cit.

*Judgment affirmed. All the Justices concur.*