## BROWN *v.* BROWN.

JENKINS, Justice. 1. In every case of an escrow, the person to whom the deed is delivered must, by mutual consent, be constituted the agent of both parties. *Wellborn* v. *Weaver,* 17 *Ga.* 267, 275 (63 Am. D. 235). If he is made merely the agent or attorney of the grantor, there would be no escrow, and the instrument would be recoverable by the grantor, since the possession of the depositary would remain merely that of the principal. *Anderson* v. *Goodwin,* 125 *Ga.* 663, 670 (54 S. E. 679), and cit.; 19 Am. Jur. 432, § 15. It is equally true that if he is made merely the agent or attorney of the grantee, there would be no escrow, since, if such attorneyship or agency be not such as to include the very subject-matter of obtaining the conveyance for the grantee, delivery to such an agent or attorney would be altogether futile, while, if the attorneyship or agency be such as to include the very matter of obtaining the conveyance for the grantee, the delivery to such a person would operate instantly to pass title into the principal, the same as if there were a delivery to the principal himself. *Duncan* v. *Pope,* 47 *Ga.* 445 (4), 451; *Jordan* v. *Pollock,* 14 *Ga.* 145 (2), 155; *Anderson* v. *Goodwin,* supra; *Morgan* v. *Wolpert,* 164 *Ga.* 462 (2) (139 S. E. 15); *Dixon* v. *Bristol Savings Bank,* 102 *Ga.* 461 (3), 469 (31 S. E. 96, 66 Am. St. R. 193), and cit.; 19 Am. Jur. 433, § 15. In all cases under a valid delivery in escrow, the deed takes its whole effect by force of the first

delivery without any new delivery by the grantor. *Wellborn* v. *Weaver,* supra.

2. The plaintiff claims that title passed to her under a deed. A deed passes no￫title unless and until delivered. The deed admittedly has never been delivered to her in person. Nor under the preceding rules is it in any wise made to appear from the pleadings or the evidence that the deed has been delivered in escrow for her. By her petition she sets forth in effect that the deed had not been delivered, but remained in the possession of the defendant grantor or his attorneys. The only evidence in any wise tending to indicate a delivery in escrow was the evidence for the defendant, to the admission of which the plaintiff objected and excepted. Even this evidence, however, does not suggest delivery in escrow, since this witness, with whom the deed was left, testified that he was not to deliver it except upon direction so to do given by the grantor in the presence of the plaintiff. While the plaintiff claims that under the terms of the contemporaneous written contract the grantor husband had agreed that upon the happening of certain subsequent conditions, which have in fact happened, he would deliver the deed, and that under the facts as they exist it ought to be delivered, she has stricken from her petition the original prayer for specific performance, by which she might under the Code, § 37-1202, have had the title passed into her by decree. Under her petition as amended, she seeks, not to require that the title be put into her, but merely that the court decree that under an undelivered deed the title has already so vested. It follows that the jury were obliged to find, and did correctly find, that the land did not become the property of the wife upon the breach of the terms of the contract. *Judgment affirmed. All the Justices concur.*

ON MOTION FOR REHEARING.

3. Even if it were assumed that the striking of the plaintiff's prayer for specific performance, as appears from the record, was not the act of the plaintiff herself, but is a typographical error in the record, and even if it were possible for this court to substitute the true fact in the case in lieu of the statement in the record, it would nevertheless be the rule that the verdict against her could not be disturbed, since the judge in the equity cause submitted to the jury only the question as to whether the land had actually "become the property of the plaintiff . . under the contract and her performance thereof." No question of specific performance having been submitted by the court, and no exception being taken to the failure to submit such a question, this court is limited to a determination of the issues and questions actually tried.

No. 13837. SEPTEMBER 10, 1941. REHEARING DENIED OCTOBER 14, 1941.

*Carl T. Hudgins,* for plaintiff. *John I. Kelley,* for defendant.

ON MOTION FOR REHEARING.

JENKINS, Justice. The plaintiff wife moves for a rehearing, first, on the ground that the court based its decision on the erroneous assumption that plaintiff struck from her petition a prayer for specific performance of the pleaded written contract between her and her husband, and asked only to have title decreed as in her by virtue of a deed from her husband made contemporaneously with the contract; and that by this erroneous assumption the court erred in holding the verdict against the plaintiff to have been demanded for the reason that there was no delivery of the deed either to the plaintiff in person or to an attorney for her under any effective escrow. She contends that her prayer for specific performance, never having been stricken, remained an issue in the case; and that she was entitled to that relief on the contract. The other ground of the motion is that the court failed to pass on her exception to the admission of testimony by the attorney as to conversations of the parties when they left the deed and a duplicate original of the contract with him, over objection that such conversations were between attorney and client, and sought to vary the terms of the written contract.

The conclusion that the prayer for specific performance had been stricken was based on the record as it was brought to this court. The original petition, in a paragraph numbered "19," described a deed dated June 10, 1935, from the husband to the plaintiff, and a deed dated September 29, 1936, from her back to the husband, which she alleged to be void for reasons stated; and prayed that the latter deed be so declared, and that "title be decreed to be in petitioner," subject to described incumbrances. By an amendment of March 5, 1940, the plaintiff added a count 2, with paragraphs num-

bered "1" to "12," containing new averments as to the two deeds, and with prayers lettered "a" to "d," which were followed by a prayer numbered "*3*," that "title be found and decreed to be in petitioner" by reason of the deed of June 10, 1935, from the husband, and that her deed back to him of September 29, 1936, "be decreed to be void and of no effect." There were prayers lettered "f" to "i," but no prayer lettered "*E*." It is apparently the prayer numbered "3" which movant contends was intended to be stricken by her amendment, made September 4, 1940, hereafter described. By amendment of May 23, 1940, she added new paragraphs numbered "19 A" to "19 E," in which she set forth a copy of the contract of December 14, 1936, between the parties, and another deed of the same date from the husband to the wife; the contract providing that if he drank any intoxicating liquor in the future, "upon satisfactory proof . . the deed is to be placed upon the DeKalb County records, and the property is to become in fee-simple the property of the wife." Immediately following the paragraph numbered and lettered "19 *E*" was a prayer that "said contract be *specifically performed,* and that the property be adjudged and decreed to be the property of petitioner." On September 4, 1940, she filed amendments, "striking out the prayer for cancellation of the deed from petitioner to defendant, referred to in the 19th paragraph of the original petition;" changing averments in that paragraph; and adding a prayer, that, "in the event said realty is not found and decreed to be the individual property of petitioner, nevertheless that it be awarded to [her] as alimony." On the same date, September 4, 1940, she filed another amendment to count 2, as follows: that she "strikes the prayer designated as '*E*' of said count, and substitutes in lieu thereof a prayer that said land be found and decreed to be the property of petitioner under contract and deed referred to in the later amendment made to said count."

When this court examined the pleadings as they appeared in the record, and found no paragraph lettered "*E*" in any earlier pleading to correspond with the "*E*" which the pleader struck, the court referred to the later amendment of May 23, 1940, in which, immediately following the paragraph numbered and lettered "19 *E*," there was the prayer for specific performance and other relief. Since there was no other paragraph in the prayers which was let-

tered "E" or connected with any paragraph lettered "E," it was assumed in the original decision that the prayer in immediate connection with paragraph "19 *E*" was the prayer which plaintiff had stricken. But she now apparently contends that it was the prayer numbered "3" in the earlier pleading which she struck or intended to strike. Whether this erroneous lettering and numbering, which led the court into the conclusion stated, was a typographical error that occurred before the pleading was filed, or occurred when it was copied in the record, does not appear; but this would seem to be a matter of no practical import, since, even if it be assumed that the prayer for specific performance was not stricken, the result of the case under that additional aspect would not be different.

The judge instructed the jury not to return a general verdict, but to answer six submitted questions. The only one relating to the described deeds or the contract was: "Did the property described in the contract and deed made by the parties under date of December 14, 1936, become the property of the plaintiff . . under the contract and *her* performance thereof?" To this the jury answered "No." But they allowed the plaintiff alimony in stated monthly sums, and other lump sums amounting to $3500, to be paid on two specified days; the lump sums to be paid irrespectively of any remarriage of the plaintiff. The decree made the findings of the jury as to property rights the judgment of the court; and it further provided that the lump amounts be "special liens against the property of the defendant," and that "executions for said . . recoveries issue now and be recorded, but enforcement by levy and sale thereof stayed until due according to the finding of the jury."

The plaintiff's motion for new trial contains only the general grounds, and the exception to the admission of testimony by the attorney relating to the contract, accompanying deed, and conversations of the parties. There is no exception to any question submitted to the jury, or to the failure to submit any other requested question, or to the decree as entered. Counsel for movant suggested in his original brief that "in case of a retrial . . the scope of the trial should be limited, either to the question of *title* under the contract, or *title* and amount of alimony," though "she would be content with a trial limited to *title*."

The judge, under the Code, § 37-1104, having submitted to the jury special issues, which did not include any question as to requir-

ing specific performance of the contract, and having submitted only the question, "Did the property . . become the property of the plaintiff under the contract and her performance thereof?" thus confining the jury to the one issue whether title had actually passed to the plaintiff, their verdict necessarily was limited to that issue, and did not embrace the question as to whether title should be ordered to pass on account of the husband having subsequently violated the contract by indulging in intoxicating liquor. Accordingly, even if it be assumed that the prayer for specific performance was not stricken, or even if the plaintiff might have had that relief under her general prayer, still, in the absence of any objection and exception to the questions as submitted, covering only the question of actual title without a specific performance of the contract, neither the failure to submit the latter issue nor any right to recover thereunder would afford ground for setting aside the verdict. See, in this connection, *Jefferson* v. *Hamilton,* 69 *Ga.* 401 (2, *a*), 402, and cit.; *McWhorter* v. *Ford,* 142 *Ga.* 554 (5, *a*) (83 S. E. 134) ; *Lake* v. *Hardee,* 55 *Ga.* 667 (2, 3) ; *Walker* v. *Horton,* 184 *Ga.* 429 (8) (191 S. E. 462), and cit.

Under the preceding rulings and the rulings in the original decision, it remains unnecessary to consider the exception to the admission of testimony by the attorney, relating to the contract, contemporaneous deed, and ineffective escrow.

*Rehearing denied. All the Justices concur.*