CITY OF ATLANTA *et al.* v. CARROLL *et al.*

JENKINS, Justice. 1. The motion to dismiss the writ of error, on the grounds that the bill of exceptions does not properly raise by timely exception any question for decision, and that the brief of evidence contains matter relating to questions as to which there is no exception, is denied. Some of the exceptions hereafter dealt with are sufficient, and a bona fide effort properly to brief the evidence is manifested.

2. Objections to the submission by the judge of questions to the jury for the rendition of a special verdict in an equity cause, under the Code, '§ 37-1104, can not be made for the first time in a motion for new trial; but as to any improperly submitted or omitted question, the attention of the judge should first have been called thereto at the time the questions were submitted. *McWhorter* v. *Ford*, 142 *Ga.* 554 (5, *a*) (83 S. E. 134); *Brown* v. *Brown*, 192 *Ga.* 852, 858 (16 S. E. 2d, 853); *Jefferson* v. *Hamilton*, 69 *Ga.* 401. Accordingly, the grounds relating to alleged erroneous instructions can not be considered, since such grounds cover only the propriety of the questions as submitted to the jury.

3. Exceptions to the legality or form of a decree rendered on a jury verdict can not properly be made grounds of a motion for new trial; but if the decree is "erroneous or illegal, direct exception should be taken to it at the proper time." If the legality of the decree is questioned, and more than the statutory time elapses before the tender of a bill of exceptions, exceptions pendente lite as to the question raised must be taken. *Smith* v. *Wood*, 189 *Ga.* 695 (2), 698 (7 S. E. 2d, 255), and cit.; *Barber* v. *Barber*, 157 *Ga.* 188 (121 S. E. 317), and cit.; *Shellnut* v. *Shellnut*, 188 *Ga.* 306, 308 (3 S. E. 2d, 900); Code, §§ 6-902, 6-905. A motion to "reform" a decree, filed after the lapse of the statutory time for exceptions pendente lite, and based merely on the ground that the decree is erroneous in that it contains a mandatory injunction, and that this portion should be eliminated, will not authorize this court to construe the decree or consider its legality with respect to this question, even though error is assigned on the denial of the motion, in the absence of any exceptions pendente lite raising such question.

4. The other special grounds are without merit; one being that the pleadings and evidence did not authorize the special findings complained of; the other being an exception to the admission of hearsay testimony. Since testimony of similar import was admitted without objection, this ground is without merit.

5. The terms of the decree not being excepted to, and therefore not being before this court for adjudication, no ruling is made as to its construction, or as to what latitude might properly be allowed to the city as to the time and manner of carrying out its terms, especially under present war conditions. See, in this connection, last portion of division 3 of opinion in *Delta Air Corporation* v. *Kersey*, 193 *Ga.* 862 (20 S. E. 2d, 245), and cit.        *Judgment affirmed. All the Justices concur.*

No. 14170.    June 18, 1942.

*J. C. Savage, E. L. Sterne, J. C. Murphy,* and *Frank A. Hooper Jr.,* for plaintiff in error.

*Carl T. Hudgins,* for Carroll et al. *Roy Leathers, solicitor-general,* and *Scott Candler,* for other parties.