TURNER, executor, *et al.* v. HARDY, administratrix.

No. 14829. NOVEMBER 15, 1944. REHEARING DENIED DECEMBER 4, 1944.

628

638

*H. W. Davis* and *Wheeler, Robinson & Thurmond,* for plaintiffs in error.

*Shackelford & Shackelford, E. C. Stark,* and *W. P. Frost,* contra.

BELL, Chief Justice. (After stating the foregoing facts.) ■ In the first special ground of the motion for new trial, it is contended that the judge erred in submitting to the jury questions 10 and 11, relating to the building that was destroyed by fire; in charging the jury in reference thereto; and in embodying in the decree an award of $500, based on the answers to such questions. In the briefs for the plaintiffs in error, it is stated that the allowance of $500 against John C. Turner for this building was contrary to law, but that "this might be corrected by direction to write it off." Counsel for the defendant in error stated in reply: "While we believe it [the item of $500] would be upheld by the court, and that the judgment of the trial court is correct, yet to relieve a long argument in the brief on the question that there might be a slight question of doubt, we are willing, as invited in the brief of the plaintiffs in error, to write off this $500 from the decree." In view of these statements of counsel, direction will be given that $500 be written off that part of the decree awarding a money judgment in favor of the plaintiff, and no further ruling will be made regarding the first special ground.

■ The seventh and eighth questions submitted to the jury, and the answers thereto, were as follows: (7) "Has George W. Bailey overpaid John C. Turner as the executor of the will of Mrs. Sarah A. Turner, deceased, or the Jefferson Banking Company? Answer: Yes. (8) If you answer and find that he overpaid John C. Turner as executor of the will of Mrs. Sarah A. Turner, deceased, state how much. Answer: $3550 principal, no interest."

In special ground 2 of the motion for new trial, it was alleged: (a) that the court erred in failing to inform counsel that the case would be submitted on questions until the delivery of the court's charge after arguments had closed, thereby depriving the movants of the benefit of having counsel discuss with the jury the questions

they were about to be required to answer, and thereby creating a situation confusing to the jury and to counsel in the case; and (b) that the court erred in submitting to the jury the question as to whether or not the debt due by George W. Bailey to the estate of Sarah A. Turner had been paid, since, as movants contended, the only legal evidence demanded a finding that, if the debt was overpaid, the excess did not and could not amount to more than $680, as "the testimony of Taylor Hartley and J. L. Bailey was hearsay and without probative value and could not create an issue against the positive and uncontradicted testimony of John C. Turner to the effect that, if the contract contended for by the plaintiff existed, the overpayment then (August, 1943), would be about $680, and as movants contend, there was no other evidence authorizing a different finding, and these errors were harmful and prejudicial to movants and entitle them to a new trial." In this ground of the motion, excerpts from the testimony of Taylor Hartley and J. L. Bailey, witnesses for the plaintiff, and John C. Turner, for the defendant, were set forth, which excerpts with their settings are included in the preceding statement.

The Code, § 37-1104, declares: "In the trial of any proceedings for equitable relief, upon the request of either party to said cause, made after the same is called for trial and before the beginning of the introduction of evidence, the presiding judge shall instruct and require the jury to find a special verdict of the facts only, and shall inform the jury what issues of fact are made by the pleadings. Upon the special verdict of facts, so rendered, the presiding judge shall make a written judgment and decree in said cause under the law applicable to the same." In *Hardin* v. *Foster*, 102 *Ga.* 180 (29 S. E. 174), it was held that, when a request is made in accordance with this statute, it is compulsory upon the judge to pursue the course therein prescribed, but that it is within his power, even without a request from either party, to require the jury to render a special verdict upon the issues of fact involved. See also *Robertson* v. *Aycock*, 170 *Ga.* 523 (4) (153 S. E. 213); *Metropolitan Life Insurance Co.* v. *Saul*, 189 *Ga.* 1, 19 (5 S. E. 2d, 214). Whether the judge erred in failing to inform counsel before the arguments were closed that the case would be submitted on special questions, the error, if any, should have been challenged at the time, and complaint made for the first time in the motion for a new trial came

too late.  *Carter* v. *Lipsey,* 70 *Ga.* 417 (2) ; *Mayor &c. of Macon* v. *Harris,* 75 *Ga.* 761 (7 a) ; *McWhorter* v. *Ford,* 142 *Ga.* 554 (5 a) (83 S. E. 134) ; *City of Atlanta* v. *Carroll,* 194 *Ga.* 172 (2) (21 S. E. 2d, 86) ; *Allen* v. *Allen,* 198 *Ga.* 269 (6) (31 S. E. 2d, 483).

Nor can we sustain the contention, made in the same ground, that the testimony of the witnesses, Taylor Hartley and J. L. (Buddy) Bailey, as to payments was hearsay.  Bailey testified that the payments as alleged in the answer were in accordance with information given to him by Hartley.  Hartley testified : "Yes, I remember furnishing Buddy Bailey some cotton bills and other information that was testified about them yesterday.  That slipped my mind, but the best I recollect I did furnish it.  I don't [know?] about it being correct, but it was to the best of my recollection, and was fresher then."  Bailey had testified : "George [the original plaintiff] asked me to figure out the amounts for these amendments.  He got Taylor Hartley to come down to his house.  Now you take 1912, Mr. Hartley did not have all of his cotton bills, but he had some of every year, and some of the years he had them all, but he remembered the bales of cotton made, and when he didn't have the bills he would take the average, the weights and the bales that he did not have, and make them weigh the average of the bills we did have and use the same price as was on the bills.  Mr. Hartley agreed to the figures, and it showed from 1912 through 1923" the total amount of $22,043.  While no decision by this court covering the precise point has been cited, and we have discovered none, there are several decisions by the Court of Appeals which deal with similar situations, and from which we quote as follows : "Each testified as to the extent of his own knowledge, but the two taken together present a state of facts supported by the several credibility of the two witnesses."  *Cabaniss* v. *State,* 8 *Ga. App.* 129 (16), 145 (68 S. E. 849).  "Sufficient prima facie proof of the correctness of an account is made by the introduction of the testimony of witnesses who swear that they had knowledge of the items, made memoranda of the same, and turned them over to a bookkeeper (though they do not at the trial remember the details of the items), supplemented by the testimony of the bookkeeper that he correctly copied these memoranda into the account (though the bookkeeper had no personal information as to the correctness of the items)."  *Swift* v. *Oglesby,* 8 *Ga. App.* 540 (4) (70 S. E.

97). The testimony of a witness that a certain thing is true according to his best recollection necessarily implies that the witness has a recollection and knowledge upon the subject. *Ætna Insurance Co.* v. *Trimmier,* 42 *Ga. App.* 745 (2) (157 S. E. 340); *Barrington* v. *Davis Jenkins & Sons,* 44 *Ga. App.* 682 (4) (162 S. E. 642). These decisions substantially cover the question here presented, and we consider them sound as applied thereto. We conclude, therefore, that the evidence referred to by the movants in ground 2 was not hearsay, as insisted.

Nor was the following excerpt from the testimony given by George W. Bailey in 1938, and reintroduced upon the trial here under review, wholly without probative value, as contended: "If the rents had been credited on the note, I wouldn't have owed him a dime in 1924. I considered that he owed me about $1800 after Mrs. Turner and Jefferson Banking Company was paid. He would owe me about $500 per year from the rent since 1924 with interest." Where a witness testifies to a conclusion of fact which could be within his knowledge and such testimony is admitted without objection, it cannot be attacked on review as being incompetent or insufficient. *Hutchinson* v. *State,* 8 *Ga. App.* 684 (70 S. E. 63); *O'Quinn* v. *Homerville,* 42 *Ga. App.* 628 (4), 631 (157 S. E. 109); *Bailey* v. *Newberry,* 52 *Ga. App.* 693, 697 (184 S. E. 357). See also, in this connection, *Sankey* v. *Columbus Iron Works,* 44 *Ga.* 228 (3); *Morgan* v. *Bell,* 189 *Ga.* 432, 439 (5 S. E. 2d, 897). This conclusion accords with the rulings in *Bank of South Carolina* v. *Brown, Dudley,* 62 (7); *Dawson* v. *Callaway,* 18 *Ga.* 573 (2); and *Proctor & Gamble Co.* v. *Blakely Oil &c. Co.,* 128 *Ga.* 606 (2) (57 S. E. 879). In each of these cases, there was objection to the testimony, and it was excluded. In the instant case, there was no objection, nor does the statement appear upon its face to have been based on mere belief, and not upon facts within the witness's knowledge. See *Shaw* v. *Jones,* 133 *Ga.* 446 (3) (66 S. E. 240). The testimony of the defendant Turner was also contradicted upon other material issues, including the vital issue as to the alleged oral agreement, and therefore his credibility as a witness was a matter for the jury. Code, §§ 38-1803, 38-1806. It follows that the charge, submitting the questions as to whether the debt to Mrs. Turner had been paid, and as to the amount of the overpayment, if any, was not without evidence to support it, as insisted in ground 2.

■ Special ground 3 complained of the following charge: "The burden is on the plaintiff to satisfy you by the evidence in this case, that is, by a preponderance of the evidence, that there was such contract as set out in plaintiff's petition as amended with John C. Turner as executor of the will of Mrs. Sarah A. Turner, giving to George W. Bailey the right to redeem the lands involved in this suit after the purchase thereof by John C. Turner, as executor, at sheriff's sale, as contended by plaintiff;" it being alleged that the degree of proof required of the plaintiff was proof beyond a reasonable doubt, and not by a mere preponderance of evidence as here charged, and that such charge was not cured by the additional instruction, to wit, "And this alleged contract and its terms must be established so clearly, fully, and satisfactorily as to leave no reasonable doubt as to the alleged contract and its terms. And it must be established not only by a preponderance of the evidence, but as just stated to you."

The entire charge as given on the degree of proof necessary to establish the alleged contract consisted of the two excerpts quoted supra, together with the following: "If you find, therefore, from the evidence and under these instructions that there was such a contract and that the terms thereof as set out in plaintiff's petition as amended, then you would answer this question number one, 'Yes.' If you find the contract and its terms as alleged in plaintiff's petition has not been established so clearly, fully, and satisfactorily as to leave no reasonable doubt as to the alleged contract and its terms from the evidence in the case, you would answer that question, 'No.'"

When the charge complained of is considered with its context, no error appears. While jurors should not be left to decide between conflicts in a charge (*Kelly* v. *Locke,* 186 *Ga.* 620 (2 f), 627, 198 S. E. 754), yet, "If the charge is sufficiently clear as to be understood by jurors of ordinary capacity and understanding, this is all that is required, and such appears to us to be the case as to the charge of the court in this case." *Georgia Railroad* v. *Thomas,* 73 *Ga.* 350, 356. See also, in this connection, *Gordon* v. *Spellman,* 148 *Ga.* 394 (96 S. E. 1006); *Wardlaw* v. *Wardlaw,* 187 *Ga.* 468 (3) (1 S. E. 2d, 24); *Mickle* v. *Moore,* 193 *Ga.* 154 (17 S. E. 2d, 728).

■ Special grounds 4 and 5 may be considered together. In

644

special ground 4, the movants complained of the following excerpts from the charge:

"Now, of course, before you go into the question of amount, you will first answer the question, 'Is anything now owing by the estate of George W. Bailey to Mrs. Sarah A. Turner's estate or to the Jefferson Banking Company?' and if you find there is not anything now owing, you will so state, and that would mean that you would not be required to find any amount because it would be nothing, if there is nothing owing. If you find there was something owing, you will then determine how much principal and how much interest·in the case of the estate, if you find there was something owing the estate, and also in the case of Jefferson Banking Company if you find there is something owing to the Jefferson Banking Company.

"Now in determining these questions, gentlemen, you will take up all the evidence in the case that bears upon that issue and determine first what payments were made and not credited at the time judgments were obtained by defendants against plaintiff Bailey in the city court of Jefferson, if any, and determine whether or not plaintiff Bailey is entitled to credits on those judgments, and if so, how much. Then you would also take up the questions and determine what, if any, payments and credits the plaintiff Bailey is entitled to on these debts, or either of them, since the date of the judgments in the city court of Jefferson, these judgments being in evidence before you.

"You will take, up and determine from all the evidence in the case what payments have been made in that regard, if any, and how much, if any, and by making the calculation you will be able to answer the question that I have just submitted to you [question 6]."

Error was assigned on these charges, as follows: (a) They submitted to the jury the question as to "what payments were made and not credited at the time judgments were obtained by defendants against plaintiff Bailey in the city court of Jefferson," when in law and in fact the plaintiff Bailey was concluded by the judgments' and could not go behind them. (b) These instructions left the jury no standard by which to determine the amount due to the defendants by the plaintiff, and did not instruct the jury that interest was to be calculated on the principal amount due the Jeffer-

son Banking Company at the rate of 8 per cent., and left them to give or not give interest according to whatever whim might impress them, without regard to the contract between the plaintiff and Jefferson Banking Company and its right as a matter of law to have interest calculated on the principal sum due it.

In special ground 5, movants averred that the court erred in failing to charge in substance that the judgments bore interest from date at the rate of 8 per cent. per annum, and as a matter of law the Jefferson Banking Company would be entitled to recover interest at that rate on whatever principal sum the jury might find to be due. It is stated in this ground that the judge did instruct the jury as follows: "Now after September 18, 1915, you are instructed that the judgments provide only that 8 per cent. interest be paid on the principal amounts specified in the judgments annually, and you would not be authorized to calculate interest upon the unpaid interest after the date of the judgments, as provided in the notes, because such is not provided in the judgments taken thereon, and you would be authorized to calculate from the date of September 18, 1915, 8 per cent. per annum on what amount of principal you find might be due in making your calculation as to the payments if you find payments were made."

The charges complained of in ground 4 were in conformity with the pleadings and the evidence, and were not erroneous as contended. *Bailey* v. *Turner*, 150 *Ga.* 823 (supra). If the defendants desired further instructions upon the subject of interest (ground 5), a proper request should have been made.

As appears from question 6 as a whole, the jury were instructed to find separately the amounts, if any, of principal and interest due. Construed in the light of the issues and the judge's charge, the jury's answer to question 6(b) was in plain effect a finding that payments had been made on the bank's execution sufficient to pay all interest, but leaving the entire principal of $3550 unpaid. This and the other findings of the jury, in so far as they were assailed as being unsupported by evidence, were not subject to such attack, unless it should be otherwise as to one item, concerning which, as shown in the first division of this opinion, no ruling is required.

■ The "motion to construe the verdict . . and to modify and change the decree" consisted of three parts, according to sub-

jects dealt with. Part 1 related to the item of $500 for the house that was destroyed. This matter has been determined in the defendant's favor in division 1 of this opinion, and requires no further ruling here. Part 2 contended that "the effect and result of the answer of the jury to [question 6(b)] was to find that George W. Bailey was indebted to the Jefferson Banking Company in the sum of $3550 with interest and attorneys' fees and cost, and the finding of the jury of no interest on these items is wholly void and of no legal force or effect, and the Jefferson Banking Company was and is entitled to have and recover from George W. Bailey . . the principal sum of $3550" with interest thereon. In this part of the motion, the defendants prayed that the decree be modified so as to include interest and attorneys' fees on the principal found due to the Jefferson Banking Company, but there was no insistence in the brief upon attorneys' fees. As to interest, this part of the motion is controlled by what has just been ruled in division 4 of this opinion.

Part 3 alleged: "Question No. 7, propounded by the court to the jury, is ambiguous, the same being: 'Has George W. Bailey overpaid John C. Turner, as executor of the will of Mrs. Sarah A. Turner, deceased, or the Jefferson Banking Company?' The answer being, 'Yes,' does not establish whether the overpayment was made to John C. Turner as executor of the will of Mrs. Sarah A. Turner, or whether it was overpaid to the Jefferson Banking Company, and being insufficient to establish either proposition, it amounts to nothing and should be disregarded. If this answer is construed in connection with paragraph 8 of the question propounded . . as a finding that John C. Turner, as executor . . had been overpaid, then to the extent of the excess of $3550 over $680, said finding was and is wholly without evidence to support it, and should be disregarded, because: (a) John C. Turner testified in substance: 'If I had such a contract as Mr. Bailey claimed, though I did not have such contract with him, and had agreed to allow the rents to liquidate the loan, the Sarah A. Turner estate would be overpaid at this time (August, 1943) about $680, with absolutely nothing paid to the Jefferson Banking Company. (b) There was no testimony of probative value in the record authorizing a finding contrary to the statement made by John C. Turner, and his testimony, construed in the light of the amounts actually

collected by him, shows that the payment was not completed until receipt of the rents for the year 1941." In this part of the motion, the defendants prayed "that the judgment entered by the court . . be modified to the extent of giving to" the plaintiff "a judgment for no amount whatever against John C. Turner, and in the alternative, should this prayer be by the court refused, that said judgment be for only $680." If question No. 7 and the answer thereto were ambiguous as insisted, the ambiguity was fully removed by questions 6(a) and 6(b) and the answers to these questions.

It was further insisted in the brief that the verdict to the extent that it found an overpayment of $3550 to the estate of Mrs. Turner was unauthorized by the evidence, in that it could not legally have gone beyond $680, the amount of the overpayment as stated by John C. Turner. A similar contention, though in reference to the charge of the court, was made in special ground 2 of the motion for new trial, and was ruled adversely to the defendants in division 2 of this opinion. See also the concluding statement in division 4.

It follows from what has been said that the judgments overruling (1) the motion for a new trial, and (2) the motion to construe the verdict and modify the original decree, must be affirmed, but with direction that the court write off the sum of $500 from the money judgment in the plaintiff's favor, as indicated in the first division of this opinion.

After this case was argued, the court invited briefs on the question whether the bill of exceptions complied with the rule which requires exception to a final judgment. At that time, however, a similar question was being considered in another case which had preceded the present case in this court, and in which the question has since been determined in a manner favorable to the present plaintiffs in error. *Albany Federal Savings & Loan Assn.* v. *Henderson,* 198 *Ga.* 116 (31 S. E. 2d, 20). We have dealt with the instant case accordingly.

*Judgment affirmed, with direction. All the Justices concur.*