22214, 22215. OSBORN et al. v. YOUMANS, Executrix; and vice versa.

CANDLER, Justice. On May 1, 1957, J. R. Youmans for a consideration of $91,250 sold and conveyed to Ralph L. Holland certain real and personal property in Muscogee County. Holland at that time gave Youmans his note for the purchase money and executed and delivered to him a deed to the property purchased as security therefor. On December 1, 1961, Holland conveyed to Ena A. Holland, his wife, a one-half undivided interest in the property purchased from Youmans by a deed which was duly recorded on December 22, 1961. On January 9, 1962, Youmans was adjudged incapable of managing his estate, and Augusta M. Youmans, his wife, was appointed guardian of his person and property and qualified as such. Holland failed to pay some of the installments due on his note to Youmans, and Augusta M. Youmans, as such guardian, elected to and declared the unpaid balance on the note due and payable and, under the terms of Holland's security deed, advertised the property described therein for sale on the first Tuesday in February, 1962. On January 22, 1962, Ralph L. Holland and Ena Holland entered into a sales contract with Bernice G. Osborn by the terms of which they agreed to sell and convey to her all of the property which Holland had purchased from J. R. Youmans on the payment of $6,000 in cash to them and for the further consideration that she would assume and pay the balance due on Holland's note to Youmans after the sellers applied so much of the

$6,000 cash payment as would be necessary to pay all of the installments on Holland's note to Youmans which had matured prior to January, 1962. On January 25, 1962, Holland and his wife, Ena A. Holland executed and delivered to Bernice G. Osborn a warranty deed to the property Holland had purchased from J. R. Youmans. Their deed recites a consideration of $10 and other valuable considerations and contains the following recital: "As a part of the consideration hereto Grantee assumes and agrees to pay the balance due upon that certain deed to secure debt executed and delivered by Ralph L. Holland to J. R. Youmans, dated May 1, 1957, and recorded in Deed Book 622, folio 28, in the office of the Superior Court of Muscogee County, Georgia." This deed was accepted by the grantee Osborn who caused it to be recorded on January 30, 1962. When this deed was executed and delivered to Bernice G. Osborn, she paid or caused to be paid from the cash payment of $6,000 the sum of $2,625 to Augusta M. Youmans, guardian of J. R. Youmans on installments which were then past due on Holland's note, and the plaintiff, as such guardian, orally agreed not to proceed further with her sale of the property and that payment of other past due installments would be deferred until a specified time, all of which was done with the concurrence and consent of Holland. After Osborn acquired title to the property from Holland and his wife, she paid from February until May, 1962 to Mrs. Youmans, as guardian, 14 weekly installments on the Holland note aggregating $1,750. On the death of J. R. Youmans, his will was probated in solemn form and Augusta M. Youmans, his widow, qualified as executrix of his estate and is now acting as such. On July 17, 1962, Bernice G. Osborn filed for record and caused to be recorded in Muscogee County a paper purporting to be a quitclaim deed from J. R. Youmans to her, dated May 29, 1959, which, for a recited consideration of "One Dollar and other valuable consideration," remised, released, quitclaimed and conveyed to her all of the property described in Youmans' warranty deed to Holland and in Holland's security deed to Youmans. After such quitclaim deed was recorded, Osborn made no further payments on the Holland note; but has since then remained in possession of the property and collected the rents due therefor. On September 28, 1962, Augusta M. Youmans, as

executrix of the estate of J. R. Youmans, filed a suit in the Superior Court of Muscogee County against Bernice G. Osborn and Ralph L. Holland in which she prayed for legal and equitable relief. In addition to the facts stated above, her petition as later amended also alleges: The defendants are indebted to her, as executrix of the estate of J. R. Youmans, in the sum of $58,875 as the balance due on the note from Ralph L. Holland to J. R. Youmans, payment of which the defendant Osborn assumed and by such assumption obligated herself to pay. Her amended petition also alleges the instrument purporting to be a quitclaim deed from J. R. Youmans to the defendant Osborn is null and void for several alleged reasons, including non-delivery thereof. Her amended petition further alleges that the record of the purported quitclaim deed from J. R. Youmans to the defendant Osborn is a cloud on the title to the property involved which will deter any prudent person from purchasing it and will impair an exercise of the power of sale contained in the security deed from Holland to J. R. Youmans and the enforcement of other remedies afforded by such security deed. Besides for process, the amended petition prays for a judgment against the defendants Osborn and Holland for $58,875; that such judgment be decreed a special lien on the property described in the security deed from the defendant Holland to J. R. Youmans; that the purported quitclaim deed from J. R. Youmans to the defendant Osborn be set aside and decreed null and void; that the defendant Osborn be restrained and enjoined from transferring or encumbering the title to the property involved pending a final determination of this litigation; and that the petitioner have such other and further relief as the court deems proper. There was no demurrer to the amended petition. The defendants filed separate answers. The defendant Osborn denied that she had assumed payment of the note sued on or any balance due thereon and alleged that the quitclaim deed from J. R. Youmans to her transferred and assigned to her the note from Holland to him. The defendant Holland averred that he was released from any liability to pay the note sued on or any balance due thereon when the defendant Osborn assumed payment thereof and the petitioner accepted her assumption. On the trial and after the introduction of evidence closed, the petitioner filed a motion asking the court to direct a verdict

in her favor against both of the defendants for $58,875 as the balance due on the note from Holland to J. R. Youmans on the ground that the evidence demanded such a finding. The court overruled her motion and submitted the issues made by the pleadings to a jury. The jury found, first, that the plaintiff·was not entitled to recover any amount from the defendants; and second, that the quitclaim deed from Youmans to Osborn was a valid deed and should not be set aside and voided. A judgment was accordingly rendered. The plaintiff, in due time, filed a motion for judgment notwithstanding the verdict against both of the defendants for $58,875 on the ground that a judgment in her favor for that amount was demanded by the evidence. She also filed a motion for new trial on both findings of the jury, basing her motion on the usual general grounds and several special grounds which she added by an amendment thereto. The court sustained her motion for judgment notwithstanding the verdict and entered a final judgment in her favor against both of the defendants for $58,875. As to this part of the jury's finding and verdict, he sustained her motion for new trial if, and only if, this court reversed the judgment rendered by him in her favor for $58,875 against both of the defendants. And he overruled her motion for new trial as amended to that part of the verdict which found that the quitclaim deed from J. R. Youmans to the defendant Osborn should not be set aside and voided. The defendants Osborn and Holland excepted to that part of the order which rendered a final judgment in favor of the plaintiff against both of them for $58,875, and the plaintiff Youmans by cross bill excepted to that part of the order which overruled her amended motion for a new trial as to that part of the verdict which found that the quitclaim deed from J. R. Youmans to the defendant Osborn should not be set aside and voided. *Held:*

1. *Code Ann.* § 110-113 provides: "Whenever a motion for a directed verdict, made at the close of all the evidence is denied, or for any reason is not granted, a party who has moved for a directed verdict, within 30 days after the reception of verdict, may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for directed verdict. . ." A judgment notwithstanding the verdict can be rendered only

where the evidence demands a verdict contrary to the one returned by the jury. *Hearn v. Leverette,* 213 Ga. 286 (99 SE2d 147). As previously pointed out, the plaintiff by her amended petition sought to recover a money judgment against the defendants Holland and Osborn for $58,875 as the balance due on a note for $91,250 which the defendant Holland gave J. R. Youmans on May 1, 1957; and to set aside as null and void a writing which purports to be a quitclaim deed, dated May 29, 1959, from J. R. Youmans to the defendant Osborn for the property here involved, a deed which was recorded in Muscogee County on July 17, 1962. Respecting the first question so raised, the evidence, oral and documentary, demanded a finding by the jury that J. R. Youmans for a consideration of $91,250 sold and conveyed certain real and personal property in Muscogee County to the defendant Holland on May 1, 1957; that Holland at that time gave J. R. Youmans his promissory note for the full amount of the purchase price and reconveyed the same property to him as security for the payment of his note; that Holland on December 1, 1961, conveyed to Ena A. Holland, his wife, a one-half undivided interest in the property purchased by him from J. R. Youmans; that the defendant Holland and his wife on January 25, 1961, sold and by a warranty deed conveyed to the defendant Osborn all of the property involved for a cash consideration of $6,000 and for the defendant Osborn's agreement to pay the balance due by the defendant Holland on the note he had given J. R. Youmans; that the plaintiff did because of the defendant Osborn's agreement to pay the balance due on the defendant Holland's note revoke her declaration of default, withdrew the property from public sale, and consented for the defendant Osborn to pay the remaining installments to her according to the terms of the defendant Holland's note; and that the defendant Osborn did pursuant to her agreement thereafter pay to the plaintiff on such note 14 weekly installments of $125 each, aggregating $1,750. But the defendant Osborn contends that since she had a valid quitclaim deed to the property involved from J. R. Youmans which she obtained in 1959, her agreement to pay the balance due on the defendant Holland's note was without consideration because such quitclaim deed transferred and assigned to her the defendant Holland's note to J. R. Youmans. Conceding only for the sake

of argument that the defendant Osborn obtained a valid quitclaim deed to the property involved from J. R. Youmans and that it did, as she contends, transfer and assign to her Holland's note to Youmans, her position is nevertheless untenable. While holding such quitclaim deed, she purchased the property involved from the defendant Holland and his wife and, by her acceptance of their deed, assumed payment of the balance due on the defendant Holland's note to Youmans. By their deed to her, she acquired not only a warranty of title to the property involved but their equity therein—an interest for which the defendant Holland had previously paid approximately $30,000—also actual possession of the property, together with the right to collect and retain the rents accruing therefrom; and by her agreement to pay the balance due on the defendant Holland's note she induced the plaintiff to revoke her declaration of default resulting from the defendant Holland's failure to pay matured installments on his note, to withdraw and discontinue her pending foreclosure proceeding and to agree to accept payment from the defendant Osborn of the weekly installments of $125 each as provided for in the note until its maturity date in 1971, 14 of which installments the defendant Osborn afterwards paid to the plaintiff in addition to the $2,625 she paid or caused to be paid to the plaintiff on the note when she purchased the interest of the defendant Holland and his wife in the subject property. In these circumstances it seems clear to us and we accordingly hold that she cannot repudiate her contract to pay the balance due the plaintiff on the defendant Holland's note.

2. There is no evidence in this case showing or tending to show that the plaintiff released the defendant Holland from his obligation to pay the balance due on his note to Youmans; but the deed which the defendant Osborn accepted from the defendant Holland and his wife did create an obligation on his part to pay the balance due on such note. See *Zellner v. Hall*, 210 Ga. 504 (3) (80 SE2d 787), where it was unanimously held: "When a grantee in a sales agreement, as a part of the consideration thereof, assumes and agrees to pay an outstanding indebtedness against the property thus conveyed, evidenced by a note and deed to secure debt, he takes upon himself the burden of the debt or claim secured by the

deed, and, as between himself and his grantor, he becomes the principal and the latter merely a surety for the payment of the debt." For like holdings, see *Stapler v. Anderson*, 177 Ga. 434, 436 (170 SE 498); *Alropa Corp. v. Snyder*, 182 Ga. 305 (185 SE 352). Hence, we hold that the trial judge correctly entered a judgment notwithstanding the verdict against both of the defendants for the balance of $58,875 admittedly due on such note.

3. Since the rulings made in the two preceding divisions effectively dispose of the controlling issues in the case, the question presented for decision by the cross bill of exceptions will not be ruled on.

*Affirmed on main bill of exceptions; cross bill of exceptions dismissed. All the Justices concur.*

ARGUED OCTOBER 14, 1963—DECIDED NOVEMBER 7, 1963—REHEARING DENIED NOVEMBER 19, 1963.

*Roberts & Thornton, Omar Hays, J. Gordon Young,* for plaintiffs in error.

*Swift, Pease, Davidson & Chapman,* contra.