23107. WITHERSPOON v. ROSEBERRY, by Next Friend, et al.

ARGUED SEPTEMBER 15, 1965—DECIDED OCTOBER 7, 1965— REHEARING DENIED OCTOBER 19, 1965.

*Margaret Hopkins,* for plaintiff in error.
*Guy Tyler, Johnson & Hayes,* contra.

GRICE, Justice. Assigned as error is the overruling of a general demurrer and the denial of a motion to dismiss an amended petition. The petition was filed in the Superior Court of Fulton County by Carrie Lou Witherspoon Roseberry and other heirs of Willie Witherspoon against Eddie Witherspoon. It sought specific performance of a contract to reconvey property described in a warranty deed from the plaintiffs' intestate to the defendant, cancellation of a security deed from the defendant to the intestate, accounting from the defendant as to payments by him to the intestate on the debt recited in the security deed, and also general relief. Events transpiring later, insofar as material here, are those which follow.

The defendant filed general demurrers to the petition, but the trial court, without ruling upon them, gave the plaintiffs leave to amend.

Thereafter, the plaintiffs amended the petition, which amendment was allowed subject to objection and demurrer.

Subsequently, on January 31, 1964, and without being renewed, the general demurrers above referred to were, with consent of counsel, overruled.

After the foregoing had taken place, the defendant filed an additional general demurrer and a motion to dismiss the amended petition.

Thereupon, on June 7, 1965, such additional demurrer and motion were ruled upon adversely to the defendant.

The defendant assigns error upon this judgment of June 7, 1965, and urges that the amended petition should have been dismissed as failing to allege a cause of action.

This assignment of error, as we evaluate it, is not meritorious.

The amendment to the petition was not a material one. The features which were stricken by it were mere surplusage. Deletion of the word "purporting" from the reference to the warranty deed from the intestate to the defendant was not significant since the plaintiffs were not attacking the deed but were relying

upon it to establish their claim for reconveyance. Elimination of the two other features, relating to the method of proof, was likewise not material.

This non-materiality is controlling here. Since the amendment was not material, the original demurrers were not required to be renewed in order to reach the petition as amended. When the original general demurrers were thereafter overruled without error assigned thereon, this established as the law of the case that the amended petition set forth a cause of action. By reason of these events, the subsequently filed general demurrer and motion to dismiss were of no consequence. Therefore, the rulings upon them afford no basis for an assignment of error. See *Code* § 81-1312.

The judgment complained of is

*Affirmed. All the Justices concur, except Mobley, J., not participating for providential cause.*