## 41813. BOARD OF EDUCATION OF RICHMOND COUNTY v. FREDERICKS, by Next Friend.

NICHOLS, Presiding Judge. Thomas Fredericks, by next friend, sued the County Board of Education of Richmond County to recover for injuries sustained when he fell from the bleachers at a football stadium while a ticket holder and spectator. The petition as finally amended alleged that the defendant was charged with the upkeep and maintenance of such football stadium, that the plaintiff stumbled over a loose bolt and loose board in such stadium, and that the defendant School Board had actual knowledge that the stadium contained loose boards and loose bolts. On the trial of the case the jury returned a verdict for the plaintiff, and thereafter the defendant's motion for judgment non obstante veredicto was overruled. The defendant now complains that the verdict for the plaintiff was not authorized and that the trial court erred in overruling its motion for a judgment non obstante veredicto. *Held:*

1. The only questions presented by the applicant are whether there was competent evidence that the defect which allegedly caused the plaintiff to fall existed, and if so was there evidence that the defendant had knowledge of such defect. All other questions as to the sufficiency of the evidence to support the verdict are treated as having been abandoned.

2. It is only where a verdict for a party is demanded as a matter of law and the jury has returned an adverse verdict that a motion for a judgment non obstante veredicto will lie. See *Code Ann.* § 110-113; *Middlebrooks v. Goolsby,* 213 Ga. 617 (100 SE2d 441). And this court does not pass upon the weight of evidence but merely its sufficiency to support a verdict. See *Garmon v. Stern,* 107 Ga. App. 793 (131 SE2d 599), and citations.

3. The evidence authorized a finding for the plaintiff. A. L. Williams was called as a witness by the plaintiff for the purpose of cross examination and testified in part that he was athletic director for Richmond Academy, was in charge of the athletic field, was familiar with the stadium, that in addition to other inspections he had inspected it himself two or three times each year, that as boards need replacing they are replaced, that they do not deteriorate overnight but slowly over a period of time, that no specific standard was set

for replacing the boards but "if we think it needs to be replaced, it's replaced." In response to a final question the athletic director testified that he knew the condition of the seats in the stadium on October 17, 1963, and around that time. The plaintiff introduced in evidence pictures taken in 1965 and identified as being pictures of the stadium where the plaintiff fell. Some of these pictures were "close-ups" showing the condition to be as alleged in the petition. Other witnesses testified that they represented the condition of the area shown as it existed at the time the plaintiff fell. Under all the evidence adduced a verdict for the plaintiff was authorized and the trial court did not err in overruling the defendant's motion for a judgment non obstante veredicto.

*Judgment affirmed. Hall and Deen, JJ., concur.*

ARGUED FEBRUARY 8, 1966—DECIDED FEBRUARY 24, 1966.

*Fulcher, Fulcher, Hagler, Harper & Reed, William C. Reed,* for appellant.

*McGahee & Plunkett, Keith W. Benning,* for appellee.