23506, 23507. FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF STATESBORO v. DODD; and vice versa.

ARGUED JUNE 13, 1966—DECIDED JULY 7, 1966.

*Allen & Edenfield, Francis W. Allen, George M. Johnston, Pierce, Ranitz & Lee, Edward H. Lee, Stephens, Gignilliat & Abbott, Laurie K. Abbott,* for appellant.

*W. Ward Newton, W. J. Neville, Neville & Neville,* for appellee.

GRICE, Justice. The petition of a security deed grantor against her grantee, claiming misapplication of fire insurance proceeds and unlawful foreclosure, sought injunction, reformation, damages and other relief. The suit was brought by Mrs. Mary Ruth L. Dodd in the Superior Court of Bulloch County against the First Federal Savings & Loan Association of Statesboro.

The defendant appealed the overruling of its renewed general demurrer and also one ground of its renewed special demurrer.

The plaintiff cross appealed the overruling of her motion to dismiss all of the defendant's said renewed demurrers.

1. Since, under our appraisal of the record, the question presented by the cross appeal controls this review, we deal with it initially, without the necessity of setting forth the allegations of the petition and its three amendments.

One of the grounds of the plaintiff's motion to dismiss the defendant's renewed general and special demurrers asserted that such demurrers addressed themselves to allegations of the plain-

tiff either previously demurred to and amended by plaintiff without materially changing her cause of action, or to allegations previously demurred to wherein said demurrers were overruled and the law of the case established. This motion is meritorious.

At the time of the March 9, 1966, filing of the demurrers thus attacked, the trial court had three times ruled on general and special demurrers of the defendant. On October 15, 1965, it had overruled the defendant's general demurrer and four grounds of its special demurrer to the original petition; on December 17, 1965, it had overruled the defendant's renewed general demurrer and five grounds of its special demurrer to the petition as amended; and on December 30, 1965, it had overruled the defendant's renewed general demurrer to the petition as further amended.

We see no useful purpose in examining the materiality of the first and second amendments and determining the exact point at which the law of the case was established. That is not necessary in order to review the plaintiff's motion to dismiss which is directed at the demurrers occasioned by the *third* amendment. The materiality of that amendment is decisive.

Our *Code*, § 81-1312, provides in material part: "An amendment to a petition . . . which materially changes the cause of action . . . opens the petition . . . as amended, to demurrer . . . An immaterial amendment shall not so open the petition."

As we evaluate this third amendment it added nothing of substance to the petition as previously amended. This amendment denominated as a trespass certain acts which had already been alleged, recited a larger amount of attorney's fees to be due, and repeated the claim to punitive damages. It was mere elaboration and was not material so as to open the petition to demurrer.

Consequently, the law of the case as to the sufficiency of the petition had already been established. See *Kelly v. Strouse,* 116 Ga. 872 (7), 889-890 (43 SE 280); *Johnson v. Ellington,* 196 Ga. 846 (4) (28 SE2d 114); *Witherspoon v. Roseberry,* 221 Ga. 465 (145 SE2d 513). Therefore, the demurrers subsequently filed on March 9, and overruled on March 18, were of no legal consequence.

The denial of plaintiff's motion to dismiss the demurrers was erroneous.

2. Furthermore, since such subsequent demurrers were of no legal consequence, the rulings upon them afforded no bases for enumerations of error. *Witherspoon v. Roseberry,* 221 Ga. 465, supra. Therefore, the appeal must be dismissed.

*Judgment on cross appeal reversed; appeal dismissed. All the Justices concur.*