## 24325. FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF STATESBORO v. DODD.

UNDERCOFLER, Justice. Mrs. Mary Ruth L. Dodd, a security deed grantor, brought this action against First Federal Savings & Loan Association of Statesboro, her grantee, claiming misapplication of fire insurance proceeds and unlawful foreclosure, and seeking injunction, reformation, damages and other relief.

Based upon answers to questions submitted to the jury, the court entered judgment directing the payment to the plaintiff of $16,000 of the insurance proceeds for the cost of repairs to the building, $9,000 as special damages for attorney's fees, $10,000 punitive damages, and $38,475 representing the balance of the fire insurance proceeds to be held in escrow and applied to the plaintiff's indebtedness until exhausted so as to maintain such indebtedness in a current status. The appeal is from that judgment. *Held:*

1. The defendant enumerates as error the overruling of its motion of August 3, 1966, to dismiss the jury on the ground that it was selected in January, 1966; that the case had been delayed because of the absence of counsel, cold weather and illness of the presiding judge and parties litigant; that the jury was again questioned and qualified by the court and counsel on July 29, 1966; that it was agreed then that the case would be tried on August 3, 1966; that on the day

previous to its motion, it was notified that Mr. Robert Lanier had been employed as counsel for the appellee; that the present jury should be dismissed and that a new jury should be selected. If this motion was an attempt to challenge the array, it was filed too late because the selection of the jury by the parties constituted a waiver of the manner in which the panel was drawn.

If this motion was an attempt to challenge the poll, the employment of new counsel alone was not sufficient to disqualify all jurors and require the dismissal of the entire jury as prayed in the motion. Enumeration of error number 1 is therefore without merit.

2. This case has been before this court previously. *First Fed. Savings &c. Assn. v. Dodd*, 222 Ga. 337 (149 SE2d 799). It was there held that: "One of the grounds of the plaintiff's motion to dismiss the defendant's renewed general and special demurrers asserted that such demurrers addressed themselves to allegations of the plaintiff either previously demurred to and amended by plaintiff without materially changing her cause of action, or to allegations previously demurred to wherein said demurrers were overruled and the law of the case established. This motion is meritorious." Thereafter at the trial the defendant filed individual motions to strike each prayer of the petition as amended. These motions were overruled. In Enumeration of errors numbers 2 through 7, the defendant complains of these rulings. These contentions are without merit. As was said in *Ga. Northern R. Co. v. Hutchins & Jenkins*, 119 Ga. 504, 510 (46 SE 659): "A judgment on demurrer, so long as it stands unreversed, is conclusive on the parties as to all questions which were necessarily involved in the decision of the points raised by the demurrer. The demurrer in the present case not only raised in a general way the question as to the sufficiency of the plaintiffs' allegations to authorize a recovery, but it specifically raised the question that on the face of the petition there did not appear to be any contractual relation between the defendant and the plaintiffs which would authorize the plaintiffs to recover damages for the alleged wrongful acts committed by the defendant. The question was distinctly made by demurrer to the whole petition, as well as by demurrers to different paragraphs, that the damages claimed were too remote and speculative and incapable of computa-

tion, and generally of such a character as not to be the basis of a legal recovery. In other words, in passing upon the demurrers the court was compelled to decide two questions: (1) Have the plaintiffs alleged such a state of facts as to show that in law the defendant is liable in damages? And (2) Are the damages claimed of such a character as to be properly the subject of a legal recovery? The judgment overruling the demurrers decided these questions in favor of the plaintiffs, and this decision is the law of this case, whether right or wrong. A great part of the brief of counsel for the plaintiff in error is devoted to a discussion of the question as to whether the facts alleged are sufficient to constitute a cause of action, and whether the damages sought to be recovered are of such a character as to be the basis of a legal recovery. It is not proper for us to determine either of these questions, nor do we express or intimate any opinion in reference to the same, as they are concluded by the judgment on the demurrers." See also *Richmond Hosiery Mills v. Western Union Tel. Co.*, 123 Ga. 216, 221 (51 SE 290).

Because of the previous rulings on the general and special demurrers, the law of this case was established (see *First Fed. Savings &c. Assn. v. Dodd*, 222 Ga. 337, supra), and the motions to strike certain prayers of the plaintiff's petition were properly overruled by the trial court.

3. Enumerations of error numbers 8 through 11 complain of portions of the trial court's charge and its refusal to give certain charges requested by the defendant. We have carefully considered these enumerations of error and after reviewing the charge as a whole, under the law of this case as held in Division 2 hereof, we find no error. "The charges complained of were not erroneous for any of the reasons assigned, and especially is this true as to those which related to the cause of action and the measure of damages, when they are construed in the light of the fact that the defendant was concluded, by the judgment on the demurrer, as to the right of the plaintiff to recover and the character of the damages which should be recovered." *Ga. Northern R. Co. v. Hutchins & Jenkins*, 119 Ga. 504, supra, Hn. 4.

4. Enumeration of error number 12 complains that the trial court erred in submitting a list of questions to the jury for the finding of a special verdict of the facts, which verdict

of the facts was used by the trial court to frame its judgment. The appellant contends that the questions submitted were biased and inconsistent, and requested the trial court to withdraw the questions from the jury in their entirety. "In equity cases the judge is authorized, under the *Code,* § 37-1104, in appropriate instances to submit specific questions for answer by the jury. This has many times been held to be the proper practice, and frequently in complicated cases it would be expected to obtain more intelligible results. See *Hardin v. Foster,* 102 Ga. 180 (29 SE 174) ; *Robertson v. Aycock,* 170 Ga. 523 (153 SE 213). . . Where issues were substantially submitted in questions propounded, if counsel desired fuller submission or submission in different form, they should have requested it. *Greer v. Willis,* 67 Ga. 43; *Obear v. Gray,* 68 Ga. 182 (2). We hold that the judge had the right to submit specific questions in the case, and that they were appropriately framed to provoke a decision on the truth of the issues in the case." *Metropolitan Life Ins. Co. v. Saul,* 189 Ga. 1, 19 (5 SE2d 214) ; *Turner v. Hardy,* 198 Ga. 626, 640 (2) (32 SE2d 483). We have carefully examined the questions submitted to the jury in this case and we find that they were proper and appropriately framed. There is no merit in Enumeration of error 12.

5. There is no merit in Enumeration of error number 13 which complains that the court's judgment did not conform to the verdict. In our opinion the findings of fact by the jury authorized the payment of $16,000 to the plaintiff for the cost of repairing the buildings out of the insurance proceeds of $48,100 paid under the insurance coverage for the buildings with the balance thereof plus the insurance payments received for damages to the personal property and a laundry facility to be applied pro tanto to plaintiff's indebtedness to the defendant so as to maintain said indebtedness in a current condition. The judgment of the court is consistent with these findings.

6. There is no merit in Enumeration of error number 14 which complains of the trial court's overruling defendant's motion for judgment notwithstanding the verdict. Since the law of this case has been established as previously held in Division 2, a verdict for the defendant herein was not demanded by the evidence and the trial judge did not err in overruling its motion for judgment notwithstanding the verdict. *Hearn*

*v. Leverette,* 213 Ga. 286 (99 SE2d 147) ; *Osborn v. Youmans,* 219 Ga. 476, 480 (1) (134 SE2d 22).

7. Enumeration of error number 15 complains that the trial court erred in overruling defendant's motion for new trial on the general grounds. The defendant argues that the evidence does not authorize the verdict as a matter of law. The question presented to us, however, is not whether the evidence authorizes the verdict as a matter of law but whether the evidence supports the material and essential allegations of the petition which became the law of the case as held in Division 2 hereof. We have reviewed the evidence and find that it does support the allegations of the petition and accordingly the trial court did not err in overruling the defendant's motion for a new trial on the general grounds.

Special grounds of the motion for new trial not argued in this court have been considered as abandoned.

*Judgment affirmed. All the Justices concur.*

Argued October 9, 1967—Decided January 5, 1968— Rehearing denied January 18, 1968.

*Johnston & Brannen, George M. Johnston, Allen & Edenfield, Francis W. Allen, Gignilliat & Abbott, Laurie K. Abbott,* for appellant.

*William J. Neville, Robert S. Lanier,* for appellee.

On Motion for Rehearing.

The defendant contends in his motion for rehearing that the charge complained of in Enumeration of error number 8 had not been made the law of this case as was held in Division 3 of the opinion since it was raised for the first time at the trial. The defendant overlooks the fact that this issue was raised by amendment to the petition which was allowed by the trial court subject to objection on January 31, 1966. A demurrer thereto was renewed. All of these facts were before this court previously in 222 Ga. 337, and the law of the case was thereby established.

*Motion denied.*