25816. DODD v. FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF STATESBORO.

UNDERCOFLER, Justice. Mrs. Mary Ruth L. Dodd brought this action against the First Federal Savings & Loan Association of Statesboro, Georgia, complaining that it failed to comply with a judgment entered by the Bulloch Superior Court of

August 9, 1966, which judgment was affirmed by this court. See *First Federal Savings &c. Assn. v. Dodd,* 222 Ga. 337 (149 SE2d 799); s.c. 224 Ga. 1 (159 SE2d 405). She also complains that the defendant has refused to accept tender of certain funds for the release of a tract of land held by it as a part of the security for her indebtedness to it. This appeal is from the granting of the defendant's motion for summary judgment. *Held:*

The parts of the Bulloch Superior Court judgment in issue here directed that the First Federal Savings & Loan Association pay to Mrs. Mary L. Dodd: (1) $16,000 from certain fire insurance proceeds, and (2) $38,475, the balance of these fire insurance proceeds, "to be applied pro tanto to the plaintiff's indebtedness to the defendant so as to maintain said indebtedness in a current condition until said $38,475 shall have been thus applied."

The appellant contends that the judgment requires the $38,475, which was being held by the appellee, to be applied pro tanto to the instalments of principal only as they came due whereas the appellee applied the fund pro tanto to the instalment of principal and interest as they came due. She contends that this denied her interest on the fire insurance funds being held by the appellee pending the litigation which resulted in the Bulloch Superior Court judgment of August 9, 1966, and its affirmance by this court, while at the same time she has been required to pay interest on her indebtedness during this time. There is no merit in this contention. The judgment directed that the funds be applied to the payments pro tanto. Unfortunately there were a great number of delinquent payments of both principal and interest due and upon affirmance of the judgment the fund was exhausted immediately. Under the terms of the judgment, the appellee was authorized to apply the fund to the instalments of both principal and interest as of the date each became due. The appellee so applied the fund and in satisfying each instalment reduced the appellant's indebtedness by the amount of principal instalment as of that date so that the interest thereon ceased. The judgment did not award the appellant interest on the fund held by the appellee and none is now allowable. In our opinion the appellee correctly applied the funds under the judgment and the appellant has no cause for complaint.

The appellant further contends that she is unable to accept the interest on the $16,000 because the amount is incorrect and the check tendered therefor contains an improper restrictive endorsement. The restrictive endorsement states, "Endorsement of this check by payees constitutes full and final settlement of all claims and demands of Mrs. Mary Ruth L. Dodd against First Federal Savings & Loan Association arising from judgment of Superior Court of Bulloch County, Georgia, dated August 9, 1966; Case No. 8237." The appellant contends that she cannot accept the check with this endorsement thereon because she has other claims against the appellee under said judgment which claims would be precluded thereby. The only other claims which the appellant asserts against the appellee under this judgment are those set out in this opinion. There is no merit in these contentions. The record shows that the appellee delivered the check to the Sheriff of Bulloch County as directed by the appellant's then counsel of record in the exact amount of interest demanded by counsel. The endorsement should not have deterred the appellant from accepting the check. It was the last payment due under the judgment as held herein and was in full and final settlement thereof, although the appellant contended otherwise.

The appellant contends finally that the appellee has refused to accept the tender of certain funds for the release of a tract of real estate held by it as a part of the security for its loan. This contention is without merit. These funds were tendered to the appellee to be applied to appellant's indebtedness "pro tanto." The evidence shows clearly that the appellee was under no obligation to accept a tender on this basis and to release the collateral.

In our opinion the First Federal Savings & Loan Association of Statesboro has complied fully with the judgment of the Bulloch County Superior Court dated August 9, 1966. Furthermore, it was not required to accept a tender of funds to be applied pro tanto for a release of part of its security. Therefore, the trial court did not err in granting the appellee's motion for summary judgment.

In view of the above rulings, it is unnecessary to consider the appellant's other enumerations of error.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 12, 1970—DECIDED JUNE 8, 1970—
REHEARING DENIED JUNE 25, 1970.

*A. S. Dodd, Jr.,* for appellant.
*Johnston & Brannen, George M. Johnston,* for appellee.