70652, 70667. NORTHERN ASSURANCE COMPANY OF
AMERICA v. ROLL et al.; and vice versa.
(338 SE2d 870)

McMurray, Presiding Judge.

Plaintiff Roll brought this action against defendant Northern Assurance Company of America to recover on a policy of fire insurance. Defendant denied liability and set up contractual defenses of arson and fraudulent overstatement of loss. Upon the conclusion of the trial, the jury returned a special verdict in favor of plaintiff and against defendant in the amount of $181,694.67. This sum consisted of loss and damage to personal property ($32,383), additional living expenses ($2,134.10), cost of repair of building ($100,000), bad faith damages ($20,177.51) and attorney fees ($27,000). Judgment was entered accordingly. Following the denial of defendant's motion for new trial and motion for judgment notwithstanding the verdict, defendant appealed, enumerating 18 errors. *Held*:

1. In its first enumeration of error, defendant asserts the trial court erred in failing to grant its motion for new trial and/or motion for judgment notwithstanding the verdict. In this regard, defendant argues that the evidence demonstrates the fire was set by plaintiff and that, therefore, plaintiff cannot recover upon the policy.

Although there was evidence that the fire was set, there was no direct evidence connecting plaintiff to the fire. Plaintiff was out of town when the fire occurred and he positively denied that he set or procured the fire. With this in mind, we consider the denial of defendant's motion for new trial and motion for judgment notwithstanding the verdict.

(a) Motion for new trial. "This court existing only for the correction of errors of law, and having no authority to determine the mere weight of the evidence, and the verdict for the plaintiff being fully authorized by testimony, the trial judge did not err in the exercise of his discretion in refusing a new trial." *Payton v. Turner*, 50 Ga. App. 519, 520 (179 SE 163). Accord *Witt v. State*, 157 Ga. App. 564, 565 (2) (278 SE2d 145).

(b) Motion for judgment notwithstanding the verdict. "It is only

where a verdict for a party is demanded as a matter of law and the jury has returned an adverse verdict that a motion for a judgment non obstante veredicto will lie. [Cits.]" *Bd. of Education, Richmond County v. Fredericks*, 113 Ga. App. 199 (2) (147 SE2d 789). See also *Osborn v. Youmans*, 219 Ga. 476 (134 SE2d 22). Since the evidence authorized the verdict in plaintiff's favor, the trial court properly denied defendant's motion for judgment notwithstanding the verdict. *Maloy v. Planter's Warehouse &c. Co.*, 142 Ga. App. 69, 72 (2) (234 SE2d 807).

2. Defendant points out that ten days before the fire, plaintiff entered into a contract for the sale of the house for $82,000. Relying upon this fact, defendant contends the jury was bound by the contract price in assessing the value of the house. We disagree. While the sales contract constituted evidence of value, it was not the only evidence of value and it cannot be said that it was binding upon the jury. See *Thompson v. Maslia*, 127 Ga. App. 758, 763 (4) (195 SE2d 238). See also *Sapp v. Howe*, 79 Ga. App. 1, 2 (1) (52 SE2d 571). Enumerations of error 2, 3 and 4 are without merit.

3. The policy contained a replacement cost provision which provided that the cost to repair or replace plaintiff's property would not be paid by defendant until the actual repair or replacement was completed. In view of this provision, the trial court did not err in permitting plaintiff's expert, a construction consultant and remodeler, to testify concerning the cost to repair the house. Moreover, assuming the admission of such testimony was erroneous, no objection to the testimony was interposed by defendant. Thus, defendant's fifth enumeration of error is not meritorious. *Carroll v. Johnson*, 144 Ga. App. 750, 752 (3) (242 SE2d 296).

4. In its sixth enumeration of error defendant simply states that plaintiff "seeks to recover replacement costs" even though the policy requires actual repair or replacement. In so doing, defendant fails to call our attention to any error committed by the trial court with respect to the replacement cost issue. Thus, the sixth enumeration of error presents nothing for review. *Kickasola v. Jim Wallace Oil Co.*, 144 Ga. App. 758, 760 (8) (242 SE2d 483). See generally *MacDonald v. MacDonald*, 156 Ga. App. 565 (275 SE2d 142).

5. The trial court did not err in excluding testimony concerning the sexual preferences of plaintiff. The proffered evidence was irrelevant and prejudicial; it had no bearing on the issues in this case. The seventh enumeration of error is without merit.

6. Enumerations of error 8, 9, 10 and 11 are controlled adversely to defendant by this court's decision in *Bruce v. Calhoun First Nat. Bank*, 134 Ga. App. 790, 791 (216 SE2d 622).

7. Defendant complains that the trial court erred in failing to give certain of its requests to charge in enumerations of error 12, 13,

14 and 15. These enumerations cannot be considered inasmuch as the requests to charge do not appear in the record. *DeJong v. Stern*, 162 Ga. App. 529, 531 (2) (292 SE2d 115); *Rewis v. Browning*, 153 Ga. App. 352, 354 (7) (265 SE2d 316).

8. Enumerations of error 16 and 18 are not supported by meaningful argument or citation of authority. Accordingly, they are deemed abandoned. Court of Appeals of the State of Georgia Rule 15 (c) (2); *Davis v. Peoples Bank of St. Marys*, 168 Ga. App. 383 (2) (308 SE2d 871).

9. The trial court did not abuse its discretion by allowing plaintiff to reopen his case after he rested and after defendant moved for a directed verdict. *Community Education Ctr. v. Cohen*, 151 Ga. App. 77, 78 (2) (258 SE2d 742). Enumeration of error 17 is without merit.

10. The issues raised by plaintiff in the cross-appeal are moot.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED NOVEMBER 1, 1985 —
REHEARING DENIED NOVEMBER 20, 1985.

*Sam F. Lowe, Jr., Sam F. Lowe III*, for appellant.

*Jeanette B. Burns, Robert L. Todd, J. Eugene Wilson, Furman Smith, Jr.*, for appellees.